FERNANDO ZAPATER MARTÍNEZ, Appellant, *v.* REGISTRAR OF PROPERTY OF PONCE, Respondent.

No. 1213. Submitted July 8, 1947.—Decided July 15, 1947.

R. *Atiles Moréu* for appellant. The registrar appeared by brief.

Mr. Justice Snyder delivered the opinion of the Court.

María Roig y Coll, the wife of Marcos Vecchini Battisti, died on February 16, 1947. On March 26, 1947, the District Court of Ponce entered a judgment declaring that her legitimate children were her sole and universal heirs, without prejudice to the legal usufructuary right of the surviving widower.

On March 20, 1946 Fernando Zapater Martínez and his wife had constituted a mortgage on certain real estate in favor of the widower to guarantee payment of $13,000. On April 25, 1947, the widower and the children joined in a deed cancelling this mortgage which recited that on the same day they had received $13,097.50 as payment of the principal and interest of the sum secured by the mortgage.

Zapater presented the deed of cancellation to the registrar, who recorded it as to the community property interest held therein by the widower; but refused to record it as to the participation in the mortgage credit belonging to the heirs of the decedent, because pursuant to § 12 of Act No. 99, Laws of Puerto Rico, 1925 (p. 790), as amended by § 15 of Act No. 303, Laws of Puerto Rico, 1946 (p. 782), it was not accompanied by a receipt showing payment of the inheritance taxes or a letter from the Treasurer showing the mortgage credit was exempt from taxation. Zapater has appealed from the latter ruling of the registrar.

In this case after the death of their mother the heirs actually received the payment of money in consideration of the cancellation, which they executed in their own right, of their inheritance rights in the mortgage credit. Section 12 therefore clearly requires that the registrar refrain from recording the deed until proof of payment of the tax or exemption therefrom is presented. The cases relied on by the appellant—*Rodríguez* v. *Banco Popular*, 66 P.R.R. 736, 741; *Estate of Ramírez* v. *The Registrar of Property*, 16 P.R.R. 297—have no bearing on this problem.

The ruling of the registrar will be affirmed.